In the Matter of FAI FAI, INC., Doing Business as SAM PAN CHINESE KITCHEN, et al., Petitioners, *v.* STATE TAX COMMISSION, Respondent.

Third Department, March 13, 1975.

*Arthur J. Kremer* and *Lawrence M. Gordon* for petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J. These are proceedings pursuant to CPLR article 78 to review determinations of the State Tax Commission, sustaining against each of the petitioners notices for payment of additional sales taxes.

Each of the petitioners herein is the owner of an establishment in the City of Long Beach, Nassau County, which sells prepared foods for off-premises consumption. Pursuant to enabling provisions in the Tax Law, the City of Long Beach, effective August 1, 1965, enacted a local ordinance imposing a local sales tax at the rate of 3%. This tax, applicable '' where the sale is for consumption off the premises of the vendor, and consists of a meal, or food prepared and ready to be eaten, of a kind obtainable in restaurants as the main course of a meal '' (Tax Law, § 1105, subd. [d], par. [i], cl. [3]) was to be collected by the vendor together with the 2% State sales tax. During the period from August 1, 1965 to May 31, 1969 in the case of petitioner Fai Fai, Inc., and from August 1, 1965 to May 31, 1969 in the case of petitioner Stardust Food Delight, Inc., only the 2% State tax was collected, wherefore the notices of determination and demand in question were issued. After a hearing, the additional assessments were sustained, and petitioners seek review in this court.

The '' scope of our inquiry is restricted to the question whether upon the record presented the determination is clearly erroneous as a matter of law '' (*Matter of Britton* v. *State Tax Comm.*, 22 A D 2d 987, 988, affd. 19 N Y 2d 613).

Petitioners' first contention is that the sales tax was not applicable to the activities conducted in their establishment. A reading of the above-quoted statutory language clearly establishes that this contention has no merit. Petitioners' second contention, which appears to be their main argument, is that the State failed to properly advise them of their obligation to collect the

taxes in question and, therefore, should be estopped from collection of the tax a number of years after it was due. This position cannot be sustained. It would be an unreasonable burden to require a taxing authority to give notice to every individual taxpayer of his obligations, and no such requirement is created either by the tax statutes or by requirements of due process.

Nor have petitioners submitted any evidence leading to the conclusion that they were misled as to their obligations with regard to the sales tax. Although they rely on a 1967 " Notice to Long Beach Vendors " advising as to what restaurant meals were taxable, said notice specifically stated that the tax applied to " restaurants, taverns and similar establishments " on sales of " prepared foods ". Given that petitioners could not demand individual notice of their obligation to collect the tax, a letter of clarification which because of the reference to " similar establishments " cannot fairly be interpreted as excluding take-out establishments, cannot be said to have deceived petitioners. *Hoffman* v. *City of Syracuse* (2 N Y 2d 484) is completely inapposite, for in that case vendors were specifically advised to exclude certain factors in *computing* a sales tax, wherefore the taxing authority was estopped from assessing such higher tax as would have resulted had such factors not been excluded. Here, there can be no serious dispute as to the *applicability* of the tax in question and, as noted, there is no basis for finding that petitioners were misled as to the amount of tax to be collected.

The determinations should be confirmed, and the petitions dismissed, with costs.

HERLIHY, P. J., KANE, MAIN and LARKIN, JJ., concur.

Determinations confirmed, and petitions dismissed, with costs.